William P. Deni, Jr.
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07012
(973) 596-4500

*Attorney for Plaintiff*
*Merck Sharp & Dohme LLC*

OF COUNSEL:

Mark J. Feldstein
A. Sasha Hoyt
**FINNEGAN, HENDERSON, FARABOW,**
**GARRETT & DUNNER, LLP**
901 New York Avenue NW
Washington, DC 20001
(202) 408-4000

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MERCK SHARP & DOHME LLC,<br><br>                    Plaintiff,<br><br>    v.<br><br>APOTEX INC. and APOTEX CORP.,<br><br>                    Defendants. | Civil Action No. 26-8996<br><br>*Document Electronically Filed* |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Merck Sharp & Dohme LLC ("Merck" or "Plaintiff") brings this Complaint against Defendants Apotex Inc. and Apotex Corp. (collectively, "Defendants" or "Apotex"), and alleges as follows:

**NATURE OF THE ACTION**

1.    This is a civil action for patent infringement arising under the United States patent laws, Title 35, United States Code, §§ 100 *et. seq.*, including 35 U.S.C. §§ 271 and 281, against Defendants Apotex Inc. and Apotex Corp.  This action relates to Defendants' filing of Abbreviated New Drug Application ("ANDA") No. 221536 ("Suvorexant ANDA") under Section 505(j) of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355(j), seeking U.S. Food and Drug Administration ("FDA") approval to manufacture, use, import, offer to sell and/or sell generic

versions of Merck's BELSOMRA® (suvorexant) drug product prior to expiration of Merck's U.S. Patent No. 7,951,797 ("the '797 patent"), U.S. Patent No. 10,098,892 ("the '892 patent"), U.S. Patent No. 11,980,623 ("the '623 patent"), and U.S. Patent No. 12,599,610 ("the '610 patent").

## THE PARTIES

2.      Plaintiff Merck is a limited liability company organized and existing under the laws of the State of New Jersey, having a principal place of business at 126 Lincoln Avenue, Rahway, New Jersey 07065.  Merck is a research-driven pharmaceutical company that discovers, develops, manufactures, and markets a broad range of innovative products to improve health.

3.      Upon information and belief, Apotex Inc. is a corporation organized and existing under the laws of Canada, with a principal place of business at 150 Signet Drive, Toronto, Ontario M9L 1T9, Canada.  Upon information and belief, Apotex Inc. itself and through affiliates and subsidiaries, including Apotex Corp., formulates, manufactures, packages, and markets generic versions of branded pharmaceutical drugs for sale and distribution in the District of New Jersey and throughout the United States.

4.      Upon information and belief, Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 2400 N. Commerce Parkway, Suite 400, Weston, FL 33326.  Upon information and belief, Apotex Corp. is a wholly-owned subsidiary and United States agent of Apotex Inc. and acts as United States regulatory agent for Apotex Inc., including for the Suvorexant ANDA.  Upon information and belief, Apotex Corp., itself and through its relationship with at least Apotex Inc., formulates, manufactures, packages, and markets generic versions of branded pharmaceutical drugs for sale and distribution in the District of New Jersey and throughout the United States.

## JURISDICTION AND VENUE

5.      Each of the preceding paragraphs 1–4 is re-alleged and re-incorporated as if fully set forth herein.

6.      This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, including 35 U.S.C. §§ 271 and 281, and this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7.      Upon information and belief, Apotex Inc. and its subsidiary Apotex Corp. hold themselves out as a unitary entity where Apotex Inc. directs and controls its subsidiaries and affiliates in the manufacture, importation, offer for sale, sale, and distribution of generic products in the United States, including New Jersey.  For example, Apotex Inc. and Apotex Corp.'s parent entity, Apotex Health Corp, explains in a recent Canadian securities prospectus: "Our vertical integration and modern North American production footprint allow us to rapidly capitalize on market opportunities."   Apotex Health Corp., Supplemented Prep Prospectus, Initial Public Offering and Secondary Offering, dated June 10, 2026, at 76, *available at*: https://www.sedarplus.ca/csa-party/records/document.html?id=a2084ca588aeb0e77f250c13f3f8e868a06c8d0da568b69b17d2a 46fe1e7dd13 (accessed July 20, 2026).

8.      Apotex Corp. is an agent of Apotex Inc. and acts at the direction, and for the benefit, of Apotex Inc., and is controlled and/or dominated by Apotex Inc.  For instance, in Apotex Inc. and Apotex Corp.'s purported "Notice of Paragraph IV Certification . . . for ANDA No. 221536" ("Notice Letter"), "Apotex" is defined to include both Apotex Inc. and Apotex Corp.  In that same Notice Letter, Apotex Inc. refers to "its U.S. agent Apotex Corp."  Further, upon information and belief, Apotex Corp. has served as U.S. Regulatory Agent for Apotex Inc. in connection with other

3

505(j) filings with the U.S. FDA.  *E.g.*, April 14, 2026, FDA Letter to Kiran Krishnan, https://www.accessdata.fda.gov/drugsatfda_docs/appletter/2026/210449Orig1s000Pan oramaltr.pdf (accessed July 20, 2026); April 2, 2026, FDA Letter to Kiran Krishnan, https://www.accessdata.fda.gov/drugsatfda_docs/appletter/2026/219227Orig1s000ltr.pdf (accessed July 20, 2026); November 24, 2025, FDA Letter to Kiran Krishnan, https://www.accessdata.fda.gov/drugsatfda_docs/appletter/2026/218425Orig1s000ltr.pdf (accessed July 20, 2026).

9.     Further, upon information and belief, Kiran Krishnan is presently Apotex Inc. and/or Apotex Corp.'s Senior Vice President of Global Regulatory Affairs, and "leads the company's efforts to develop top-level regulatory strategies, supporting the launch and commercialization of key products across the specialty, biosimilar, and generic portfolios." https://www.apotex.com/ca/en/about-us/our-leadership/kiran-krishnan (accessed July 20, 2026). Upon information and belief, Dr. Krishnan's LinkedIn page states that he is the "Senior Vice President [of] Global Regulatory & Medical Affairs" at Apotex Corp. in Weston, Florida. https://www.linkedin.com/in/kirankrishnanki20 (accessed July 20, 2026).  Upon information and belief, Dr. Krishnan handles communications with the FDA on behalf of Apotex Corp. and Apotex Inc. with respect to Defendants' regulatory filings including ANDAs.  *See* FDA Letters to Kiran Krishnan cited *supra* in paragraph 8.

10.     Upon information and belief, Defendants have thus been, and continue to be, joint and prime actors in the drafting, submission, approval and maintenance of the Suvorexant ANDA and intend to benefit from the Suvorexant ANDA.

11.     This Court has personal jurisdiction over Apotex Inc.

12.     Upon information and belief, Apotex Inc. directly and/or indirectly through, and/or

4

in concert with Apotex Corp., has committed an act of infringement in this judicial district by preparing, aiding in the preparation, and/or filing the Suvorexant ANDA with the intent to make, use, sell, offer for sale, and/or import the generic suvorexant product(s) in or into this judicial district, prior to the expiration of the '797, '892, '623, and '610 patents.

13.     Apotex Inc., jointly with Apotex Corp., sent its Notice Letter for the Suvorexant ANDA to "Merck Sharpe & Dohme Corp." at 126 East Lincoln Avenue, Rahway, New Jersey 07065.  While the Apotex Notice Letter was directed to this judicial district, Apotex failed to provide notice as required by 21 U.S.C. § 355(b)(3)(C) since the addressee "Merck Sharp & Dohme Corp." ceased to exist following its merger with Merck Sharp & Dohme LLC in 2022 and is neither (i) the owner of the patents that are the subject of Notice Letter (or a representative of the patent owner designated to receive such a notice) nor (ii) the holder of the NDA for BELSOMRA® (suvorexant) (or a representative of the NDA holder designated to receive such a notice).

14.     On information and belief, Apotex Inc. directly and/or indirectly through, and/or in concert with Apotex Corp., will engage in marketing, sale, and distribution of the generic suvorexant product(s) in New Jersey upon approval of its ANDA.  On information and belief, such generic suvorexant product(s) will be prescribed by physicians practicing in New Jersey, dispensed by pharmacies located within New Jersey, and used by patients in New Jersey.  Additionally, on information and belief, Apotex Inc. directly and/or indirectly through, and/or in concert with Apotex Corp., will offer its generic suvorexant product(s) for sale and place them into the stream of commerce with the awareness, knowledge, and intent that they would be used, offered for sale, and/or sold by others in New Jersey and/or purchased by consumers in New Jersey.

15.     On information and belief, Apotex Inc. has engaged in systematic and continuous

business contacts within the State of New Jersey and directly and/or indirectly through, and/or in concert with Apotex Corp., has established distribution channels for its generic products in New Jersey and derives substantial revenue from the sale of drug products in New Jersey. For instance, on information and belief, Apotex Corp. is registered with the State of New Jersey's Department of Health as a wholesale drug distributor under Registration No. 5003192.

16.     In the alternative, this Court has jurisdiction over Apotex Inc. pursuant to Fed. R. Civ. P. 4(k)(2) because, inter alia, (a) Merck's claims arise under federal law; (b) Apotex Inc. is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Apotex Inc. has substantial contacts with the United States as a whole, including, but not limited to participating in the preparation and submission of the Suvorexant ANDA and/or manufacturing, importing, offering for sale, and selling pharmaceutical products distributed throughout the United States, including in New Jersey, such that this Court's exercise of jurisdiction over Apotex Inc. satisfies due process.

17.     For instance, Apotex's website states that it is "a top-5 supplier of generic medications in the United States" and "plays a vital role in supporting the health journeys for millions of people." https://www.apotex.com/global/about-us/our-impact (accessed July 20, 2026). Apotex also states that they "work every day to . . . deliver long-term impact to the US healthcare system." https://www.apotex.com/us/about-us/our-purpose (accessed July 20, 2026).

18.     Apotex's website also states that: (a) "Apotex operates an integrated network of North American research, manufacturing, and distribution facilities designed to meet the rigorous demands of modern healthcare systems, including the complex needs of the US market," (b) "Apotex's presence in the US supports [its] commitment to reliable, accessible medicine across the Americas," and (c) its "US operations play a critical role in warehousing, distribution, and

market responsiveness, helping ensure timely delivery to pharmacies, health systems, and patients nationwide." https://www.apotex.com/us/about-us/manufacturing-excellence/our-facilities (accessed July 20, 2026). By way of example, Apotex's website identifies that they maintain "2 U.S. sites including warehousing and distribution, and the headquarters for Apotex Corp." https://www.apotex.com/global/about-us/global-reach (accessed July 20, 2026).

19. Upon information and belief, Apotex Inc. regularly imports drug products into the United States, including New Jersey. https://datadashboard.fda.gov/ora/cd/impentry-table.htm (searching manufacturer legal name: "Apotex Inc." and sorting by "Submission Date" yields 17,125 search results between Oct. 1, 2020 and July 12, 2026) (last searched July 20, 2026).

20. Upon information and belief, Apotex Inc. has litigated patent infringement disputes in this District and availed itself of the rights, benefits, and privileges of this District by asserting counterclaims in at least the following actions: *Mitsubishi Tanabe Pharma Corp., et al. v. Apotex Inc., et al.*, Civil Action No. 25-16679, ECF No. 22 (D.N.J. Dec. 9, 2025); *Am. Regent, Inc. f/k/a Luitpold Pharm., Inc. v. Somerset Therapeutics, LLC, et al.*, Civil Action No. 24-1022, ECF No. 51 (D.N.J. July 11, 2024); *Am. Regent, Inc. f/k/a Luitpold Pharm., Inc. v. Apotex Inc., et al.*, Civil Action No. 24-2268, ECF No. 18 (D.N.J. May 2, 2024); *Supernus Pharm., Inc. v. Apotex Inc., et al.*, Civil Action No. 22-00322, ECF No. 20 (D.N.J. July 21, 2022) (unsealed version available at ECF No. 28); *Supernus Pharm. Inc. v. Apotex Inc., et al.*, Civil Action No. 20-7870, ECF No. 12 (D.N.J. Sep. 4, 2020) (unsealed version available at ECF No. 15); *Valeant Pharm. North Am. LLC, et al. v. Apotex Inc., et al.*, Civil Action No. 18-14202, ECF No. 12 (D.N.J. Jan. 28, 2019); *Boehringer Ingelheim Pharms., Inc., et al. v. Apotex Inc., et al.*, Civil Action No. 18-11350, ECF No. 12 (D.N.J. Sep. 4, 2018); *Mitsubishi Tanabe Pharma Corp., et al. v. Apotex Inc., et al.*, Civil Action No. 17-5278, ECF No. 12 (D.N.J. Dec. 11, 2017); or by filing suit in at least the following

actions: *Apotex Inc. v. Shire LLC*, Civil Action No. 08-03598, ECF No. 1 (D.N.J. July 17, 2008); *Apotex Inc., et al. v. Pharm. Res., Inc., et al.*, Civil Action No. 06-01153, ECF No. 1 (D.N.J. Mar. 10, 2006).

21.   On information and belief, Apotex Inc. has previously been sued in this District and consented to and/or did not challenge personal jurisdiction.  *See, e.g.*, *Mitsubishi Tanabe Pharma Corp., et al. v. Apotex Inc., et al.*, Civil Action No. 25-16679, ECF No. 22 (D.N.J. Dec. 9, 2025); *Alkermes, Inc. et al. v. Apotex Corp. et al.*, Civil Action No. 25-14977, ECF No. 9 (D.N.J. Oct. 27, 2025); *Am. Regent, Inc. f/k/a Luitpold Pharms., Inc. v. Somerset Therapeutics, LLC, et al.*, Civil Action No. 24-1022, ECF No. 51 (D.N.J. July 11, 2024); *Am. Regent, Inc. f/k/a Luitpold Pharm., Inc. v. Apotex Inc., et al.*, Civil Action No. 24-2268, ECF No. 18 (D.N.J. May 2, 2024); *Supernus Pharm., Inc. v. Apotex Inc., et al*, Civil Action No. 22-00322, ECF No. 20 (D.N.J. July 21, 2022) (unsealed version available at ECF No. 28); *Supernus Pharm. Inc. v. Apotex Inc., et al.*, Civil Action No. 20-7870, ECF No. 12 (D.N.J. Sep. 4, 2020) (unsealed version available at ECF No. 15); *Patheon Softgels Inc., et al. v. Apotex Inc., et al.*, Civil Action No. 17-13819, ECF No. 20 (D.N.J. Mar. 9, 2018); *Boehringer Ingelheim Pharms., Inc., et al. v. Apotex Inc., et al.*, No. 18-11350,  ECF No. 12 (D.N.J. Sep. 4, 2018); *Dexcel Pharma Techs. Ltd., et al. v. Apotex Corp., et al.*, Civil Action No. 17-02423, ECF No. 10 (D.N.J. July 17, 2017); *Mitsubishi Tanabe Pharma Corp., et al. v. Apotex Inc., et al.*, Civil Action No. 17-5278, ECF No. 12 (D.N.J. Dec. 11, 2017).

22.   This Court has personal jurisdiction over Apotex Corp.

23.   Upon information and belief, Apotex Corp. directly and/or indirectly through, and/or in concert with Apotex Inc., has committed an act of infringement in this judicial district by preparing, aiding in the preparation, and/or filing the Suvorexant ANDA with the intent to make, use, sell, offer for sale, and/or import the generic suvorexant product(s) in or into this

judicial district, prior to the expiration of the '797, '892, '623, and '610 patents.

24.     Apotex Corp. jointly with Apotex Inc., sent the Notice Letter for the Suvorexant ANDA to "Merck Sharpe & Dohme Corp.," at 126 East Lincoln Avenue, Rahway, New Jersey 07065.

25.     On information and belief, Apotex Corp. directly and/or indirectly through, and/or in concert with Apotex Inc., will engage in marketing, sale, and distribution of the generic suvorexant product(s) in New Jersey upon approval of its ANDA.  On information and belief, such generic suvorexant product(s) will be prescribed by physicians practicing in New Jersey, dispensed by pharmacies located within New Jersey, and used by patients in New Jersey.  Additionally, on information and belief, Apotex Corp. directly and/or indirectly through, and/or in concert with Apotex Inc., will offer its generic suvorexant product(s) for sale and place them into the stream of commerce with the awareness, knowledge, and intent that they would be used, offered for sale, and/or sold by others in New Jersey and/or purchased by consumers in New Jersey.

26.     On information and belief, Apotex Corp. has engaged in systematic and continuous business contacts within the State of New Jersey and directly and/or indirectly through, and/or in concert with Apotex Inc., has established distribution channels for its generic products in New Jersey and derives substantial revenue from the sale of drug products in New Jersey.  For instance, on information and belief, Apotex Corp. is registered with the State of New Jersey's Department of Health as a wholesale drug distributor under Registration No. 5003192.

27.     Further, upon information and belief, Apotex Corp. is responsible for distributing and selling generic products in the United States on behalf of Apotex Inc., including in New Jersey. *See, e.g.*, Press Release, Apotex Corp., "Apotex launches sitagliptin tablets and sitagliptin and metformin hydrochloride tablets, eligible for 180-day shared exclusivity" (June 3, 2026),

9

https://www.apotex.com/us/news/news-release/2026/06/03/apotex-launches-sitagliptin-tablets-and-sitagliptin-and-metformin-hydrochloride-tablets-eligible-for-180-day-shared-exclusivity (accessed July 20, 2026); Highlights of Prescribing Information for SITAGLIPTIN AND METFORMIN HYDROCHLORIDE TABLETS (Revised: 04/2025), at Section 17, https://www.apotex.com/products/us/downloads/pre/sita_metf_ins.pdf (accessed July 20, 2026)(products "Manufactured by: Apotex Inc." and "Manufactured for: Apotex Corp.").

28.     Upon information and belief, in 2026 Apotex Corp. entered a "strategic" partnership with "Halo Pharmaceuticals through an investment that provides Apotex with access to a significant portion of . . . Halo's Whippany, New Jersey facility," thereby expanding Apotex's manufacturing footprint in and systematic and continuous business contacts with New Jersey. Press Release, Apotex, "Apotex Announces Strategic U.S. Sterile Filling Partnership with Halo Pharmaceuticals" (Apr. 14, 2026), https://www.apotex.com/us/news/news-release/2026/04/14/apotex-announces-strategic-us-sterile-filling-partnership-with-halo-pharmaceuticals (accessed July 20, 2026) ("This access [at Halo's Whippany, New Jersey facility] is intended to support Apotex's sterile injectable manufacturing network and signals a strong investment in sterile U.S.-based manufacturing, infrastructure and research and development capabilities.").

29.     Upon information and belief, Apotex Corp. has litigated patent infringement disputes in this District and availed itself of the rights, benefits, and privileges of this District by asserting counterclaims in at least the following actions: *Am. Regent, Inc. f/k/a Luitpold Pharm., Inc. v. Somerset Therapeutics, LLC, et al.*, Civil Action No. 24-1022, ECF No. 51 (D.N.J. July 11, 2024); *Am. Regent, Inc. f/k/a Luitpold Pharm., Inc. v. Apotex Inc., et al.*, Civil Action No. 24-2268, ECF No. 18 (D.N.J. May 2, 2024); *Supernus Pharm., Inc. v. Apotex Inc., et al*., Civil Action No.

22-00322, ECF No. 20 (D.N.J. July 21, 2022) (unsealed version available at ECF No. 28); *Supernus Pharm. Inc. v. Apotex Inc., et al.*, Civil Action No. 20-7870, ECF No. 12 (D.N.J. Sep. 4, 2020) (unsealed version available at ECF No. 15); *Valeant Pharm. North Am. LLC, et al. v. Apotex Inc., et al.*, Civil Action No. 18-14202, ECF No. 12 (D.N.J. Jan. 28, 2019); *Boehringer Ingelheim Pharms., Inc., et al. v. Apotex Inc., et al.*, Civil Action No. 18-11350, ECF No. 12 (D.N.J. Sep. 4, 2018); *Mitsubishi Tanabe Pharma Corp., et al. v. Apotex Inc., et al.*, Civil Action No. 17-5278, ECF No. 12 (D.N.J. Dec. 11, 2017); or by filing suit in at least the following action: *Apotex Inc., et al. v. Pharm. Res., Inc., et al.*, Civil Action No. 06-01153, ECF No. 1 (D.N.J. Mar. 10, 2006).

30.    On information and belief, Apotex Corp. has previously been sued in this District and consented to and/or did not challenge personal jurisdiction. *See, e.g.*, *Mitsubishi Tanabe Pharma Corp., et al. v. Apotex Inc., et al.*, Civil Action No. 25-16679, ECF No. 22 (D.N.J. Dec. 9, 2025); *Alkermes, Inc. et al. v. Apotex Corp. et al.*, Civil Action No. 25-4977, ECF No. 9 (D.N.J. Oct. 27, 2025); *Am. Regent, Inc. f/k/a Luitpold Pharms., Inc. v. Somerset Therapeutics, LLC, et al.*, Civil Action No. 24-1022, ECF No. 51 (D.N.J. July 11, 2024); *Am. Regent, Inc. f/k/a Luitpold Pharm., Inc. v. Apotex Inc., et al.*, Civil Action No. 24-2268, ECF No. 18 (D.N.J. May 2, 2024); *Supernus Pharm., Inc. v. Apotex Inc., et al*, Civil Action No. 22-00322, ECF No. 20 (D.N.J. July 21, 2022); *Supernus Pharm. Inc. v. Apotex Inc., et al.*, Civil Action No. 20-7870, ECF No. 12 (D.N.J. Sep. 4, 2020); *Valeant Pharm. North Am. LLC, et al. v. Apotex Inc., et al.*, Civil Action No. 18-14202, ECF No. 12 (D.N.J. Jan. 28, 2019); *Patheon Softgels Inc., et al. v. Apotex Inc., et al.*, Civil Action No. 17-13819, ECF No. 20 (D.N.J. Mar. 9, 2018); *Boehringer Ingelheim Pharms., Inc., et al. v. Apotex Inc., et al.*, Civil Action No. 18-11350, ECF No. 12 (D.N.J. Sep. 4, 2018); *Dexcel Pharma Techs. Ltd., et al. v. Apotex Corp., et al.*, Civil Action No. 17-02423, ECF No. 10 (D.N.J. July 17, 2017); *Mitsubishi Tanabe Pharma Corp., et al. v. Apotex Inc., et al.*, Civil Action

11

No. 17-5278, ECF No. 12 (D.N.J. Dec. 11, 2017).

31.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and/or 1400(b), for at least the reasons stated above and, *inter alia*, because Apotex Inc. is incorporated in Canada and may be sued in any judicial district in the United States in which it is subject to personal jurisdiction, including the District of New Jersey.

32.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and/or 1400(b), for at least the reasons stated above and, *inter alia*, because Apotex Corp. has committed and will commit further acts of infringement in New Jersey, and purposefully does business in the District of New Jersey through a permanent and continuous presence in the State of New Jersey.  For example, Apotex Corp. is registered with the State of New Jersey's Department of Health as a wholesale drug distributor under Registration No. 5003192 and continuously sells its products in the District of New Jersey.  Upon information and belief, if Apotex succeeds in obtaining FDA approval of their Suvorexant ANDA, Apotex Corp. will use its sales force to sell its proposed generic product(s) described in the Suvorexant ANDA in the State of New Jersey.

33.     Venue is also proper because Apotex Corp. and Apotex Inc. have previously consented to and/or not challenged venue in New Jersey. *See, e.g., Mitsubishi Tanabe Pharma Corp., et al. v. Apotex Inc., et al.*, Civil Action No. 25-16679, ECF No. 61 (D.N.J. June 12, 2026); *Alkermes, Inc. et al. v. Apotex Corp. et al.*, Civil Action No. 25-14977, ECF No. 9 (D.N.J. Oct. 27, 2025); *Am. Regent, Inc. f/k/a Luitpold Pharm., Inc. v. Somerset Therapeutics, LLC, et al.*, Civil Action No. 24-1022, ECF No. 51 (D.N.J. July 11, 2024); *Am. Regent, Inc. f/k/a Luitpold Pharm., Inc. v. Apotex Inc., et al.*, Civil Action No. 24-2268, ECF No. 18 (D.N.J. May 2, 2024); *Supernus Pharm., Inc. v. Apotex Inc. et al.*, Civil Action No. 22-00322, ECF No. 20 (D.N.J. July 21, 2022) (unsealed version available at ECF No. 28); *Supernus Pharm. Inc. v. Apotex Inc., et al.*, Civil

Action No. 20-7870, ECF No. 12 (D.N.J. Sep. 4, 2020) (usealed version available at ECF No. 15);

*Valeant Pharm. North Am. LLC, et al. v. Apotex Inc. et al.*, Civil Action No. 18-14202, ECF No.

12 (D.N.J. Jan. 28, 2019); *Patheon Softgels Inc., et al. v. Apotex Inc., et al.*, Civil Action No. 17-

13819, ECF No. 20 (D.N.J. Mar. 9, 2018); *Boehringer Ingelheim Pharms., Inc., et al. v. Apotex

Inc., et al.*, Civil Action No. 18-11350, ECF No. 12 (D.N.J. Sept. 4, 2018); *Dexcel Pharma Techs.

Ltd., et al. v. Apotex Corp., et al.*, Civil Action No. 17-2423, ECF No. 10 (D.N.J. July 17, 2017);

*Mitsubishi Tanabe Pharma Corp., et al. v. Apotex Inc., et al.*, Civil Action No. 17-5278, ECF No.

12 (D.N.J. Dec. 11, 2017).

## THE PATENTS IN SUIT

34.     On May 31, 2011, the United States Patent and Trademark Office ("USPTO") duly

and legally issued the '797 patent, titled "Substituted Diazepan Orexin Receptor Antagonists."  A

true and correct copy of the '797 patent is attached hereto as **Exhibit 1**.  The claims of the '797

patent are valid and enforceable.  Merck is the owner of the '797 patent by assignment, as recorded

by the USPTO within Reel 61102, Frame 0145 at Frame 0174, and has the right to enforce it.

35.     On October 16, 2018, the USPTO duly and legally issued the '892 patent, titled

"Solid Dosage Formulations of an Orexin Receptor Agonist."  A true and correct copy of the '892

patent is attached hereto as **Exhibit 2**.  The claims of the '892 patent are valid and enforceable.

Merck is the owner of the '892 patent by assignment, as recorded by the USPTO within Reel

61102, Frame 0145 at Frame 0152, and has the right to enforce it.

36.     On May 14, 2024, the USPTO duly and legally issued the '623 patent, titled "Solid

Dosage Formulations of an Orexin Receptor Agonist."  A true and correct copy of the '623 patent

is attached hereto as **Exhibit 3**.  The claims of the '623 patent are valid and enforceable.  Merck

is the owner of the '623 patent by assignment, as recorded by the USPTO within Reel 61102, Frame 0145 at Frame 0196, and has the right to enforce it.

37. On April 14, 2026, the USPTO duly and legally issued the '610 patent, titled "Solid Dosage Formulations of an Orexin Receptor Agonist."  A true and correct copy of the '610 patent is attached hereto as **Exhibit 4**.  The claims of the '610 patent are valid and enforceable.  Merck is the owner of the '610 patent by assignment, as recorded by the USPTO at Reel 63609, Frame 0559, and has the right to enforce it.

38. Merck is the holder of NDA No. 204569 by which the FDA granted approval for the marketing and sale of suvorexant tablets in 5 mg, 10 mg, 15 mg, and 20 mg dosage strengths for the treatment of insomnia, characterized by difficulties with sleep onset and/or sleep maintenance.  Merck markets suvorexant tablets in the United States under the trade name BELSOMRA®.  The FDA's official publication of approved drugs, the Orange Book, includes BELSOMRA® at 5 mg, 10 mg, 15 mg, and 20 mg dosage strengths, together with the '797, '892, '623, and '610 patents.

<b><u>DEFENDANTS' INFRINGING ACTIVITIES</u></b>

39. Each of the preceding paragraphs 1–38 is re-alleged and re-incorporated as if fully set forth herein.

40. By letter dated June 5, 2026 (defined above as "Notice Letter"), Apotex Inc. and Apotex Corp. represented that they had submitted their Suvorexant ANDA under Section 505(j) of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 355(j).  The Notice Letter identified the Suvorexant ANDA as ANDA No. 221536.  Further, the Notice Letter states that Apotex is seeking approval from the FDA "to engage in the commercial manufacture, use, and sale of" its generic suvorexant product(s) before the expiration of the '797, '892, and '623 patents.

14

41.     On information and belief, by seeking approval from the FDA "to engage in the commercial manufacture, use, and sale of" its generic suvorexant product(s) before the expiration of the '797, '892, and '623 patents, Apotex is also seeking approval from the FDA to engage in the commercial manufacture, use, and sale of its generic suvorexant product(s) before the expiration of the '610 patent, which is related to and subject to a terminal disclaimer over the '892 and '623 patents.

42.     Upon information and belief, the Suvorexant ANDA seeks approval of Apotex's generic suvorexant product(s) that are the same, or substantially the same, as Merck's BELSOMRA®.

43.     Upon information and belief, Apotex Inc. and Apotex Corp., through their own actions and/or the actions of their agents, affiliates, and subsidiaries, intend to engage in the importation, commercial manufacture, offer for sale, and sale of generic suvorexant product(s) after receiving FDA approval to do so.  On information and belief, if the FDA approves Apotex's Suvorexant ANDA, Apotex Inc. and Apotex Corp., through their own actions and through the actions of their agents, affiliates, and subsidiaries, will actively induce or contribute to the manufacture, use, offer for sale, sale, or importation of generic suvorexant product(s) in or into the United States, including New Jersey.

44.     The Apotex Notice Letter purported to provide an Offer for Confidential Access pursuant to 21 U.S.C. § 355(j)(5)(C) and 21 C.F.R. § 314.95(c)(8) to "certain information" from Apotex's Suvorexant ANDA but included unreasonable restrictions and terms inconsistent with those that "would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information."  21 U.S.C. § 355(j)(5)(C).

45.    Merck commenced this action within 45 days of receiving Defendants' Notice Letter.

46.    Upon information and belief, Apotex's actions related to the Suvorexant ANDA complained of herein were done at the direction of, with the authorization of, or with the cooperation, the participation, the assistance of, or at least in part for the benefit of Apotex Inc. and Apotex Corp.

## COUNT I
## INFRINGEMENT OF THE '797 PATENT

47.    Each of the preceding paragraphs 1–46 is re-alleged and re-incorporated as if fully set forth herein.

48.    Defendants' submission of the Suvorexant ANDA with a Paragraph IV certification against the '797 patent to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of generic suvorexant product(s) prior to the expiration of the '797 patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

49.    Upon information and belief, Defendants had actual knowledge of the '797 patent since the filing of the Suvorexant ANDA and at least since June 5, 2026, the date on the Notice Letter that was sent to Merck.

50.    Upon information and belief, in their Suvorexant ANDA, Defendants have represented to the FDA that Defendants' generic suvorexant product(s) are pharmaceutically and therapeutically equivalent to Merck's BELSOMRA®.

51.    Upon information and belief, Defendants concede infringement of at least one claim of the '797 patent because Defendants' Notice Letter did not dispute infringement.

52.    Upon information and belief, Defendants' generic suvorexant product(s) will, if approved and marketed, infringe at least one claim of the '797 patent.

16

53.    Upon information and belief, upon FDA approval of Defendants' Suvorexant ANDA, Defendants will further infringe, literally or under the doctrine of equivalents, at least one claim of the '797 patent directly under 35 U.S.C. § 271(a), by inducement under 35 U.S.C. § 271(b), contributorily under 35 U.S.C. § 271(c), and/or under 35 U.S.C. § 271(g) by making, using, offering to sell, marketing, and selling its generic suvorexant product(s) in the United States and/or importing such product(s) into the United States, unless enjoined by the Court.

54.    Upon information and belief, Defendants have knowledge of the '797 patent and further know or should know and intend that their proposed package insert will recommend, suggest, encourage and/or instruct others how to engage in an infringing use because healthcare professionals and/or patients will use Defendants' generic suvorexant product(s) according to the instructions in the proposed package insert in a way that directly infringes at least one claim of the '797 patent, either literally or under the doctrine of equivalents.

55.    If Defendants' marketing and sale of generic suvorexant product(s) prior to expiration of the '797 patent and all other relevant exclusivities is not enjoined, Merck will suffer substantial and irreparable harm for which there is no remedy at law.

## COUNT II
## INFRINGEMENT OF THE '892 PATENT

56.    Each of the preceding paragraphs 1–55 is re-alleged and re-incorporated as if fully set forth herein.

57.    Defendants' submission of the Suvorexant ANDA with a Paragraph IV certification against the '892 patent to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of generic suvorexant product(s) prior to the expiration of the '892 patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

58.    Upon information and belief, Defendants had actual knowledge of the '892 patent since the filing of the Suvorexant ANDA and at least since June 5, 2026, the date on the Notice Letter that was sent to Merck.

59.    Upon information and belief, in their Suvorexant ANDA, Defendants have represented to the FDA that Defendants' generic suvorexant product(s) are pharmaceutically and therapeutically equivalent to Merck's BELSOMRA®.

60.    Upon information and belief, Defendants concede infringement of at least one claim of the '892 patent because Defendants' Notice Letter did not provide any factual basis for or otherwise dispute infringement under the doctrine of equivalents.

61.    Upon information and belief, Defendants' generic suvorexant product(s) will, if approved and marketed, infringe at least one claim of the '892 patent.

62.    Upon information and belief, upon FDA approval of Defendants' Suvorexant ANDA, Defendants will further infringe, literally and/or under the doctrine of equivalents, at least one claim of the '892 patent directly under 35 U.S.C. § 271(a), by inducement under 35 U.S.C. § 271(b), contributorily under 35 U.S.C. § 271(c), and/or under 35 U.S.C. § 271(g) by making, using, offering to sell, marketing, and selling its generic suvorexant product(s) in the United States and/or importing such product(s) into the United States, unless enjoined by the Court.

63.    If Defendants' marketing and sale of generic suvorexant product(s) prior to expiration of the '892 patent and all other relevant exclusivities is not enjoined, Merck will suffer substantial and irreparable harm for which there is no remedy at law.

## COUNT III
## INFRINGEMENT OF THE '623 PATENT

64.    Each of the preceding paragraphs 1–63 is re-alleged and re-incorporated as if fully set forth herein.

65. Defendants' submission of the Suvorexant ANDA with a Paragraph IV certification against the '623 patent to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of generic suvorexant product(s) prior to the expiration of the '623 patent constituted an act of infringement under 35 U.S.C. § 271(e)(2)(A).

66. Upon information and belief, Defendants had actual knowledge of the '623 patent since the filing of the Suvorexant ANDA and at least since June 5, 2026, the date on the Notice Letter that was sent to Merck.

67. Upon information and belief, in their Suvorexant ANDA, Defendants have represented to the FDA that Defendants' generic suvorexant product(s) are pharmaceutically and therapeutically equivalent to Merck's BELSOMRA®.

68. Upon information and belief, Defendants concede infringement of at least one claim of the '623 patent because Defendants' Notice Letter did not provide any factual basis for or otherwise dispute infringement under the doctrine of equivalents.

69. Upon information and belief, Defendants' generic suvorexant product(s) will, if approved and marketed, infringe at least one claim of the '623 patent.

70. Upon information and belief, upon FDA approval of Defendants' Suvorexant ANDA, Defendants will further infringe, literally and/or under the doctrine of equivalents, at least one claim of the '623 patent directly under 35 U.S.C. § 271(a), by inducement under 35 U.S.C. § 271(b), contributorily under 35 U.S.C. § 271(c), and/or under 35 U.S.C. § 271(g) by making, using, offering to sell, marketing, and selling its generic suvorexant product(s) in the United States and/or importing such product(s) into the United States, unless enjoined by the Court.

19

71.    If Defendants' marketing and sale of generic suvorexant product(s) prior to expiration of the '623 patent and all other relevant exclusivities is not enjoined, Merck will suffer substantial and irreparable harm for which there is no remedy at law.

<u>COUNT IV</u>
<u>INFRINGEMENT OF THE '610 PATENT</u>

72.    Each of the preceding paragraphs 1–71 is re-alleged and re-incorporated as if fully set forth herein.

73.    Defendants submitted the Suvorexant ANDA to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of generic suvorexant product(s) prior to the expiration of the '797, '892, and '623 patents.  As noted above, by submitting the Suvorexant ANDA seeking approval from the FDA "to engage in the commercial manufacture, use, and sale of" their generic suvorexant product(s) before the expiration of the '797, '892, and '623 patents, Defendants also seek to obtain approval to engage in the commercial manufacture, use, offer to sell, or sale of generic suvorexant product(s) prior to the expiration of the '610 patent, which constitutes an act of infringement under 35 U.S.C. § 271(e)(2)(A).

74.    Upon information and belief, Defendants had actual or constructive knowledge of the '610 patent at least since it issued on April 14, 2026, and/or since it was listed in the Orange Book in June 2026.

75.    Upon information and belief, in their Suvorexant ANDA, Defendants have represented to the FDA that Defendants' generic suvorexant product(s) are pharmaceutically and therapeutically equivalent to Merck's BELSOMRA®.

76.    Upon information and belief, Defendants' Notice Letter did not provide any factual bases providing for non-infringement of the '610 patent either literally or under the doctrine of equivalents.

77.    Upon information and belief, Defendants' generic suvorexant product(s) will, if approved and marketed, infringe at least one claim of the '610 patent.

78.    Upon information and belief, Defendants have infringed the '610 patent under 35 U.S.C. § 271(e)(2)(A) and/or upon FDA approval of their Suvorexant ANDA, Defendants will further infringe, literally and/or under the doctrine of equivalents, at least one claim of the '610 patent directly under 35 U.S.C. § 271(a), by inducement under 35 U.S.C. § 271(b), contributorily under 35 U.S.C. § 271(c), and/or under 35 U.S.C. § 271(g) by making, using, offering to sell, marketing, and selling its generic suvorexant product(s) in the United States and/or importing such product(s) into the United States, unless enjoined by the Court.

79.    If Defendants' marketing and sale of generic suvorexant product(s) prior to expiration of the '610 patent and all other relevant exclusivities is not enjoined, Merck will suffer substantial and irreparable harm for which there is no remedy at law.

## REQUEST FOR RELIEF

**WHEREFORE,** Merck respectfully requests that this Court enter judgment in its favor and against Defendants and grant the following relief:

A.    A judgment that the claims of the '797, '892, '623, and '610 patents are not invalid, not unenforceable, and are infringed by Defendants' submission of their Suvorexant ANDA, and that Defendants' making, using, offering to sell, or selling in the United States, or importing into the United States Defendants' generic suvorexant product(s) will infringe the claims of the '797, '892, '623, and '610 patents;

B.    An order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any approval of Defendants' Suvorexant ANDA shall be a date which is not earlier than the latest

21

expiration date of the '797, '892, '623, and '610 patents, including any extensions and/or additional periods of exclusivity to which Merck is or becomes entitled.

C.    An order permanently enjoining Defendants, their affiliates, subsidiaries, and each of their officers, agents, servants and employees, and those acting in privity or concert with them, from making, using, offering to sell, or selling in the United States, or importing into the United States Defendants' generic suvorexant product(s) until after the latest expiration date of the '797, '892, '623, and '610 patents, including any extensions and/or additional periods of exclusivity to which Merck is or becomes entitled.

D.    Damages or other monetary relief to Merck if Defendants engage in commercial manufacture, use, offers to sell, sale, or importation in or into the United States of Defendants' generic suvorexant product(s) prior to the latest expiration date of the '797, '892, '623, and '610 patents, including any extensions and/or additional periods of exclusivity to which Merck is or becomes entitled.

E.    Such further and other relief as this Court deems proper and just, including any appropriate relief under 35 U.S.C. § 285 and an award of costs incurred in this action.

Dated: July 20, 2026
     Newark, New Jersey

s/ William P. Deni, Jr.
William P. Deni, Jr.
**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07012
(973) 596-4500
wdeni@fbtgibbons.com

OF COUNSEL:

Mark J. Feldstein (*pro hac vice* to be submitted)
A. Sasha Hoyt (*pro hac vice* to be submitted)
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP**
901 New York Avenue NW
Washington, DC 20001
(202) 408-4000

*Attorneys for Plaintiff*
*Merck Sharp & Dohme LLC*

23